The order below is hereby signed.

Signed: February 25 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TERESA LITTLE, | ) | Case No. 19-00052 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

The debtor filed a *Motion to Extend Stay* (Dkt. No. 21) on February 15, 2019, wherein the debtor sought to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3). Under § 362(c)(3) the automatic stay will terminate 30 days after a case is filed where the debtor had a pending case dismissed within one year prior to filing the later case. The court may extend the automatic stay, but to do so, § 362(c)(3)(B) requires that notice and a hearing be "completed before the expiration of the 30-day period."

The debtor had one pending case that was dismissed within a year of filing this bankruptcy case, Case No. 18-00423, dismissed on December 13, 2018. The petition commencing this case was filed on January 18, 2019, and the 30-day period expired, at the

latest, on February 19, 2019 (assuming Fed. R. Bankr. P. 9006(a)(1)(C) applied without deciding that issue).  The *Motion* was filed on the Friday of a three day holiday weekend, and did not come to the court's attention until after the 30-day period had expired.  The court no longer has authority to extend the automatic stay under § 362(c)(3).

However, even if the court had acted upon the *Motion* on February 15, 2019, when filed, creditors are generally entitled to 17-days notice under LBR 9013-1.  The debtor failed to file a notice of opportunity to oppose required under LBR 9013-1, thereby failing to give creditors, and other parties in interest, any notice of the *Motion*.  Moreover, three days was not near enough notice to give creditors, and other parties in interest, time to respond to the *Motion* by a filing with the court or at a hearing held within the 30-day period, especially where the three days were over a holiday weekend.  Therefore, the motion to extend the automatic stay must be denied.  It is thus

ORDERED that the debtor's *Motion to Extend Stay* (Dkt. No. 21) under section 362(c)(3) is DENIED.  It is further

ORDERED that the Clerk shall give notice to creditors as follows: "Notice is given that the automatic stay of 11 U.S.C. section 362(a) has expired in this case pursuant to 11 U.S.C. section 362(c)(3), but that does not bar the binding effect a

confirmed plan would have if a plan were to be confirmed."

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); recipients of e-notice of orders.